CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 7:19-cr-00024 |
| | ) | |
| KEHANA RENEE JAMES, | ) | |
| | ) | By: Michael F. Urbanski |
| Defendant | ) | Senior United States District Judge |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant Kehana Renee James' pro se motion for early termination of supervised release. ECF No. 497. For the reasons stated below, the court **DENIES without prejudice** James' motion.

James was involved in a drug-trafficking operation where she distributed methamphetamine and heroin in the Western District of Virginia. Statement of Facts, ECF No. 346. The heroin sometimes contained fentanyl and carfentanil, a powerful synthetic opioid. Presentence Investigation Report (PSR), ECF No. 464 ¶¶ 7–14.

On October 3, 2010, James was charged in a superseding indictment with conspiracy to distribute and possession with intent to distribute various drugs. Superseding Indictment, ECF No. 46. James was released from custody on an unsecured bond on December 19, 2019. ECF No. 125. On June 3, 2021, she entered into a plea agreement in which she pled guilty to one count of conspiring to possess with intent to distribute and to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, and 100 grams or more of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B). She also pled guilty to possessing with intent to distribute and

distributing a measurable quantity of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Plea Agreement, ECF No. 343.

On June 1, 2022, the court, over the government's objection, found James eligible for a sentencing safety valve and did not impose the 10-year mandatory minimum sentence that would otherwise have been required.[1] Statement of Reasons, ECF No. 440. Noting mitigating factors including her limited involvement in the conspiracy and reduced culpability, the court sentenced James to a term of incarceration of 24 months, to be followed by a 3-year term of supervised release, varying downward from the United States Sentencing Guidelines range of 108–235 months of imprisonment. J., ECF No. 439; PSR, ECF No. 464 ¶ 69.

On September 29, 2023, James's sentence was reduced to time served, following a successful motion for compassionate release. Am. Order, ECF No. 472. James started her 3-year term of supervised release at that time and has now served approximately 13 months of the term.

In her motion for early termination of supervised release, James states that she has been in complete compliance with the terms of supervised release, has remained employed working two jobs, maintained a stable residence, and has plans to enroll in nursing school. Mot., ECF No. 497. The court sought input from the United States Probation Officer who supervises James. The officer advised that James has done very well on supervision. She has a very positive attitude about staying out of trouble and avoiding negative influences in the community. She works two jobs and takes care of three children as a single parent. She has

---

[1] See 18 U.S.C. § 3553(f) (limiting application of statutory minimum sentence to defendants with little criminal history who engaged in non-violent offenses).

passed all her drug screens and recently paid off her criminal monetary penalties. The probation officer's only hesitation in recommending early termination of supervised release is that James has only served a little more than 1 year of her 3-year term.

The government acknowledges that James has done well on supervised release but opposes early termination because she has served only 1 year of her term. The government also points out that James has not offered any reason for early termination other than that she has done well thus far. Resp., ECF No. 504.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

3

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, James was convicted of conspiring to distribute methamphetamine and heroin. She and others trafficked drugs in the Roanoke area. PSR, ECF No. 464 ¶¶ 7–14. The court is aware of the devastation wrought by the distribution of methamphetamine and heroin in the Western District of Virginia and this factor weighs against early termination of supervised release.

4

Regarding her history and characteristics, James reported a difficult upbringing where she was subjected to some abuse. She began living on her own at age 17. Id. ¶¶ 53–54. Her criminal history includes two convictions for possession with intent to distribute cocaine and methamphetamine as well as convictions for driving on a suspended license and speeding. Id. ¶¶ 32–38. Notwithstanding her difficulty complying with the law prior to her arrest in this matter, James did well on pre-trial supervision, working and caring for her children. Statement of Reasons, ECF No. 440 at 5. And, as set forth above, James has done very well on supervision. Taken as a whole, James' history and characteristics weigh in favor of a sentence reduction.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, having James remain on supervised release will provide benefits to both her and the public. James undoubtedly has benefitted from the accountability and structure provided by her probation officer. Remaining on supervised release assures that she will be held accountable for her conduct and increases the chances that she will enjoy long-term success when her supervision ends. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing James' supervised release, the court **DENIES without prejudice** James' motion for early termination. To be sure, James has done a good job of maintaining employment, passing her drug screens, caring for her children, and complying with the terms and conditions of supervision. However, the court remains concerned about the stability of James' success given that she has only spent a little more than one year on supervised release. Having her

remain on supervised release will provide her with continued structure and accountability, serve to protect the community, and give her a greater chance of long-term success when she is released from supervision. As this dismissal is without prejudice, Jones may file another motion for early termination after she successfully completes two years of supervision.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: *November 18, 2024*

Michael F. Urbanski
Senior United States District Judge